*In re* ZAHÍRA Y. COLÓN COLLAZO, querellada.

*Número:* AB-2015-0077        *Resuelto:* 15 de agosto de 2016

*Elba Guzmán Bencosme*, querellante.

PER CURIAM: Hoy nos vemos obligados a suspender a la Lcda. Zahíra Y. Colón Collazo inmediata e indefinidamente del ejercicio de la abogacía y de la práctica de la notaría debido a su continua desatención a nuestras órdenes y a los requerimientos de los funcionarios de este Tribunal.

# I

La licenciada Colón Collazo juramentó al ejercicio de la abogacía el 20 de febrero de 2008 y a la práctica de la notaría el 12 de marzo de 2010. Nos corresponde examinar dos escenarios en donde la conducta de la letrada no se ajustó a nuestras normas de ética profesional.

A. Por un lado, el 24 de febrero de 2015, la Sra. Elba Guzmán Bencosme presentó una queja contra la licenciada Colón Collazo. El 18 de marzo de 2015, la Subsecretaria de este Tribunal le requirió a la letrada que contestara esa queja dentro de un término de diez días. Debido a que la licenciada Colón Collazo no cumplió con ese requerimiento, la Subsecretaria del Tribunal le envió una segunda notificación el 9 de septiembre de 2015, en la que le concedió un nuevo término de diez días para que contestara la queja. Sin embargo, la letrada tampoco contestó esa comunicación. Por esa razón, el 26 de enero de 2016 emitimos una Resolución en la que le concedimos un término final de cinco días a la licenciada Colón Collazo para que compareciera y contestara la queja. Además, le apercibimos a la letrada que su incumplimiento con esa orden podría conllevar la suspensión del ejercicio de la abogacía. No obstante, la licenciada Colón Collazo no compareció ante nos. Consecuentemente, el 24 de junio de 2016 emitimos otra Resolución en la que le concedimos un término final e improrrogable de diez días para que compareciera a este Tribunal y contestara la queja. Igualmente, le apercibimos que el incumplimiento con nuestra orden conllevaría su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría. Esa Resolución se le notificó personalmente a la letrada el 1 de julio de 2016. Transcurrido ese término, la letrada tampoco compareció ante este Tribunal.

B. El 12 de mayo de 2015, el Director de la Oficina de Inspección de Notarías (ODIN) presentó un informe especial en el que señaló que notificó a la letrada que adeudaba va-

rios índices de actividad notarial mensual y varios informes estadísticos de actividad notarial anual. Sin embargo, el servicio postal devolvió esa comunicación debido a que no fue reclamada ("unclaimed"). Ante ese cuadro, el Director de ODIN le envió una segunda notificación a la licenciada Colón Collazo, esta vez por correo ordinario y por correo electrónico. En esa ocasión, ODIN también le solicitó a la letrada que mostrara evidencia del pago de su fianza notarial para varios años. Además, surge del expediente que el personal de ODIN intentó infructuosamente comunicarse con la licenciada Colón Collazo a los números telefónicos incluidos en el Registro Único de Abogados y Abogadas (RUA).

Así las cosas, el 29 de mayo de 2015 le concedimos a la letrada un término de veinte días para que se expresara respecto al informe de ODIN. En ese momento le apercibimos que su incumplimiento con nuestra orden conllevaría sanciones severas, incluso la suspensión del ejercicio de la abogacía. El 28 de julio de 2015, el Director de ODIN presentó una moción en la que nos informó que la licenciada Colón Collazo había incumplido con nuestra orden. El 18 de marzo de 2016 le concedimos a la letrada un término final de diez días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por incumplir con nuestras órdenes. Esa Resolución se le notificó personalmente a la licenciada Colón Collazo. El 8 de abril de 2016, el Director de ODIN compareció para informarnos que la letrada había incumplido nuevamente con nuestras órdenes.

No obstante, el 7 de junio de 2016, el Director de la ODIN nos informó que la licenciada Colón Collazo presentó una comunicación a esa oficina en la que indicó que se había mudado a Estados Unidos, que interesaba cesar el ejercicio de la notaría, que entregaba su obra notarial y que presentaba los informes de actividad notarial mensual e informes estadísticos de actividad notarial anual adeudados. ODIN inspeccionó la obra notarial de la letrada y encontró varias deficiencias arancelarias y de forma. Estas se le notificaron

a la licenciada Colón Collazo, quien indicó que las subsanaría. ODIN nos recomendó entonces que le brindáramos un término a la letrada para que completara el proceso de subsanación de su obra protocolar, presentara evidencia del pago de su fianza notarial y completara su cesación al ejercicio de la notaría. De esa forma, el 14 de junio de 2016 emitimos una Resolución en la que le concedimos a la licenciada Colón Collazo un término de treinta días para que llevara a cabo lo anterior. No obstante, el servicio postal devolvió esa Resolución. Naturalmente, la letrada no compareció ante nos en el término provisto.

## II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone, en lo aquí pertinente, que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Conforme a este canon, "procede suspender inmediata e indefinidamente de la práctica de la abogacía en nuestra jurisdicción a cualquier miembro de la profesión legal que opta por ignorar nuestras órdenes y muestra indiferencia ante nuestros apercibimientos de sanciones disciplinarias". *In re Colón Cordovés*, 195 DPR 543, 547 (2016). Lo mismo sucede cuando se ignoran los requerimientos de los funcionarios de este Tribunal o de la ODIN. *In re Ezratty Samo et al.*, 2016 TSPR 19, págs. 8–9, 194 DPR Ap. (2016). Esto se debe a que el menosprecio que demuestra un abogado que desatiende las órdenes o los requerimientos oficiales trastoca y afecta nuestra función reguladora de la profesión legal en Puerto Rico. *In re Rodríguez Zayas*, 194 DPR 337 (2015).

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, establece que todos los abogados tienen "la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que

consta en el Registro Único". El cumplimiento con esta obligación permite a los abogados responder con prontitud a las comunicaciones que reciban y, además, garantiza que podamos ejercer eficazmente nuestras funciones reguladoras de la profesión legal en Puerto Rico. *In re Colón Cordovés*, supra, pág. 6. "[I]ncumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía". *In re Álvarez Westwood et al.*, 2016 TSPR 46, pág. 13, 194 DPR Ap. (2016).

## III

La licenciada Colón Collazo ignoró dos requerimientos de la Subsecretaria de este Tribunal para que contestara una queja que se presentó en su contra, incumpliendo nuestras órdenes a esos fines. Esa conducta es contraria a la requerida por el Canon 9 del Código de Ética Profesional, *supra,* y suficiente, por sí sola, para que suspendamos a la letrada de forma inmediata e indefinida del ejercicio de la profesión.

No obstante, la licenciada Colón Collazo también desatendió en múltiples ocasiones las comunicaciones y los requerimientos del Director de la ODIN relacionadas con una serie de deficiencias en su gestión y obra notarial. Además, la licenciada Colón Collazo ignoró varias órdenes de este Tribunal con relación a este mismo asunto. El hecho de que ella eventualmente respondiera a los requerimientos de ODIN no subsana lo anterior. De hecho, al día de hoy no ha comparecido ante nosotros y las actualizaciones respecto a este asunto que constan en el expediente son producto de mociones presentadas por el Director de ODIN. Este patrón de displicencia no es compatible con lo que exige el Canon 9 del Código de Ética Profesional, *supra.*

Finalmente, la licenciada Colón Collazo incumplió con el deber de actualizar la información de contacto en RUA, lo

que ha obstaculizado los trabajos de este Tribunal. Ese incumplimiento, sin lugar a dudas, no se ajusta a los estándares de conducta exigibles a un letrado en Puerto Rico.

## IV

Ante el escenario antes descrito, nos vemos obligados a ejercer nuestro poder inherente de regular la profesión jurídica en Puerto Rico. En consecuencia, *suspendemos a la Lcda. Zahíra Y. Colón Collazo inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Se ordena a la señora Colón Collazo que notifique a todos sus clientes sobre su inhabilidad para continuar representándolos y les devuelva cualesquiera honorarios recibidos por servicios profesionales no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún trámite pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días, contados a partir de la notificación de la presente Opinión "per curiam" y Sentencia.*

*Además, se le ordena al Director de la Oficina de Inspección de Notarías que nos presente un informe sobre el estado de la obra notarial de la señora Colón Collazo. Notifíquese esta Opinión "per curiam" y Sentencia a la señora Colón Collazo mediante correo certificado con acuse de recibo.*

*Se dictará Sentencia de conformidad.*

La Juez Asociada Señora Rodríguez Rodríguez y el Juez Asociado Señor Colón Pérez no intervinieron.