*In re* GERÁN GONZÁLEZ ACEVEDO.

*Número:* TS-9,391          *Resuelto:* 14 de febrero de 2017

---

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías, en Informe; *Gerán González Acevedo, pro se.*

PER CURIAM: En esta ocasión nos corresponde ordenar la suspensión inmediata e indefinida de un profesional del

Derecho por violar los Cánones 9, 18 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX.

## I

El Lcdo. Gerán González Acevedo fue admitido a la profesión de la abogacía el 29 de diciembre de 1976 y al de la notaría el 17 de enero de 1977. La presente acción disciplinaria se remonta a la inspección de la obra notarial del abogado González Acevedo efectuada en el 2014. Durante la inspección, la Lcda. Margarita Portalatín Aguilar, inspectora de Protocolos y Notarías, identificó un patrón reiterado de remisiones tardías de las notificaciones de instrumentos públicos y la falta de cancelación de aranceles. Desde aquel entonces, el licenciado González Acevedo inició la subsanación de los defectos señalados por la Oficina de Inspección de Notarías (ODIN). Sin embargo, tales esfuerzos fueron insuficientes. Ante esto —y considerando la gravedad de los defectos señalados—, el 10 de agosto de 2015 este Tribunal ordenó la incautación de los Protocolos y del único sello notarial registrado por el licenciado González Acevedo.

Posterior a la referida incautación, el abogado continuó subsanando parcialmente las deficiencias señaladas durante aproximadamente un año. Luego de múltiples oportunidades, este Tribunal emitió una Resolución y Orden el 19 de septiembre de 2016 confiriendo un término final e improrrogable de treinta días al licenciado González Acevedo para que subsanara las deficiencias de su obra protocolar correspondiente a los años 2006, 2007, 2009, 2011 y 2012. No obstante, el 19 de octubre de 2016 venció el término sin que el licenciado González Acevedo cumpliera con lo ordenado.

En vista de ello, compareció el Lcdo. Manuel Ávila de Jesús, director de la ODIN, quien además de alertar sobre el referido vencimiento del término, señaló ciertas prácti-

cas indebidas de la notaría por parte del licenciado González Acevedo.([1]) Así pues, el Director de la ODIN presentó un informe especial suscrito el 17 de octubre de 2016 por la inspectora Portalatín Aguilar, quien constató la existencia de dos escrituras aparentemente autorizadas por el licenciado González Acevedo once meses luego de haberse incautado la obra y el único sello notarial registrado. Véase Informe especial sobre obra notarial del Lcdo. Gerán González Acevedo; notario número 9391, pág. 2. La Inspectora narró que mientras se encontraba en la oficina del Lcdo. Víctor M. Soto Hernández, se presentó la Sra. Ruth Miriam Miranda Nieves, una de las partes otorgantes del instrumento intitulado Escritura Número 16 sobre Capitulaciones Matrimoniales de 8 de julio de 2016 (Escritura Número 16). La señora Miranda Nieves entregó —tanto al licenciado Soto Hernández como a la Inspectora— la copia certificada del instrumento público para que le orientaran sobre la validez de éste.([2]) En la copia de la Escritura Número 16 consta la rúbrica, la firma y un sello notarial con el nombre del licenciado González Acevedo, aunque la tipografía del grabado del sello es distinta a la del sello registrado e incautado. También, llamó la atención de la inspectora Portalatín Aguilar que el instrumento inicia como una capitulación matrimonial, pero luego se convierte y concluye como una escritura de donación.

Posteriormente, la señora Miranda Nieves se comunicó con la Inspectora para indicarle que, al visitar al licenciado González Acevedo, éste le entregó una copia simple de una escritura intitulada Capitulaciones Matrimoniales, Número 17, de 6 de julio de 2016 (Escritura Número 17). En

---

([1]) El licenciado González Acevedo adeuda, además, los Índices Notariales correspondientes a los periodos de septiembre a diciembre de 2015 y enero a septiembre de 2016, y el Informe de Actividad Notarial Anual del 2010.

([2]) Surge del informe especial que "[l]a señora Miranda Nieves indicó que su esposo está llevando un procedimiento de quiebra personal ante otro abogado y le preocupa el efecto que pudiera tener la escritura defectuosa contra su persona y bienes en dicho procedimiento". Informe especial sobre obra notarial del Lcdo. Gerán González Acevedo; notario número 9391, de 17 de octubre de 2016, pág. 2.

ésta comparece igualmente la señora Miranda Nieves como una de las partes otorgantes. Sin embargo, la Escritura Número 17 muestra algunas variaciones en la redacción, en contraste con la Escritura Número 16. Asimismo, la Escritura Número 17 presenta el craso error de que se autorizó dos días antes que la Escritura Número 16.(3)

Por su parte, el licenciado González Acevedo compareció el 7 de noviembre de 2016 mediante una *Moción solicitando breve término para replicar.* Alegó que estuvo hospitalizado y solicitó un término para contestar las alegaciones relacionadas con los índices notariales, la aparición de un sello notarial con su nombre en ciertas escrituras y diversos asuntos relacionados con la subsanación de los defectos de los Protocolos notariales.

Consecuentemente, el 21 de noviembre de 2016, este Tribunal emitió una Resolución en la que ordenó la incautación de cualquier otro sello notarial que el licenciado González Acevedo ostentara y que, dentro de un término de diez días, mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía y la notaría. También se le proveyó un término de treinta días para que culminara la subsanación de los defectos de su obra protocolar correspondiente a los años 2006, 2007, 2009, 2011 y 2012.(4)

Así las cosas, la Resolución fue notificada personalmente el 1 de diciembre de 2016. En vista de ello, el 8 de diciembre de 2016 el licenciado solicitó una prórroga de cinco días adicionales. Sin embargo, no fue hasta el 21 de

---

(3) El 7 de noviembre de 2016, la Unidad de Informes Notariales, adscrita al Registro General de Competencias Notariales, recibió una solicitud presentada por la señora Miranda Nieves. En ésta se solicitó a la Oficina de Inspección de Notarías (ODIN) que "informe si consta en el índice o está registrada [la] Escritura de Capitulaciones Matrimoniales", en la cual la señora Miranda Nieves figura como otorgante. Véase Moción Informativa de la ODIN de 22 de noviembre de 2016.

(4) Posterior a la Resolución emitida por este Tribunal, el 23 de noviembre de 2016 compareció el Director de la ODIN mediante una Moción Informativa, en la cual adjuntó el *Informe de seguimiento a obra notarial incautada, Protocolos 2013, 2014 y 2015 del Lcdo. Gerán González Acevedo, notario número 9391.* En éste se enumeran los nuevos señalamientos de deficiencias en la obra notarial para el periodo comprendido por los años 2013 al 2015.

diciembre de 2016 que el licenciado González Acevedo compareció mediante un *Escrito en cumplimiento de orden y otros extremos.* Pese a que este escrito fue presentado tardíamente, el licenciado evidenció algunos trámites de subsanación de sus Protocolos y solicitó la baja voluntaria de la abogacía. De igual forma, expresó que continuaría subsanando todos los defectos pendientes en su obra notarial.

## II

El Código de Ética Profesional establece las normas mínimas de conducta que debe exhibir todo miembro de la abogacía. El Canon 9 del Código de Ética Profesional dispone que todo abogado debe "observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. Ante una violación a este canon, " 'procede suspender inmediata e indefinidamente de la práctica de la abogacía en nuestra jurisdicción a cualquier miembro de la profesión legal que opta por ignorar nuestras órdenes y muestra indiferencia ante nuestros apercibimientos de sanciones disciplinarias' ". *In re Colón Collazo*, 196 DPR 239, 242 (2016). Véase *In re Colón Cordovés*, 195 DPR 543, 547 (2016). De igual forma, este Tribunal interpretó que el Canon 9 se extiende a los requerimientos de este Tribunal y de la ODIN. *In re Colón Collazo*, supra; *In re Ezratty Samo et al.*, 2016 TSPR 19, págs. 8–9, 194 DPR Ap. (2016).

Por otra parte, el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, establece el deber de diligencia y competencia con el que debe obrar todo profesional del Derecho. En lo que nos atañe, hemos interpretado que este canon tiene una "modalidad distinta cuando se trata de la función notarial". *In re Portela Martínez*, 191 DPR 84, 90 (2014). Véase *In re Ortiz Medina*, 175 DPR 43 (2008). Debido a la naturaleza de las funciones del notario y la delegación de impartir fe pública, éste tiene un deber mayor de diligencia y competencia. *In re Portela Martínez*, supra,

pág. 90; *In re Colón Ramery*, 138 DPR 793, 799 (1995). Es por ello que "[u]n notario que desconoce las normas jurídicas relativas al ejercicio de su profesión vulnera la naturaleza misma del notariado e incurre en una violación a las normas éticas de nuestra jurisdicción". *In re Portela Martínez*, supra, pág. 90. Véanse: *In re Vargas Velázquez*, 190 DPR 730 (2014); *In re Ortiz Medina*, 175 DPR 43 (2008).

■ Como es sabido, la profesión de la abogacía y la notaría son ejes importantes en el ejercicio encomiable de impartir y adelantar la justicia en nuestra sociedad. Así, pues, requiere de una continua introspección; de ponderar si las actuaciones son cónsonas con las responsabilidades que acarrea ser un servidor de la Justicia. Véase *In re Fingerhut Mandry*, 196 DPR 327 (2016). En vista de ello, el Canon 38 del Código de Ética Profesional dispone que "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". 4 LPRA Ap. IX. El precitado canon traza un deber para con la colectividad, pues "[c]ada abogado es un espejo en [el] que se refleja la imagen de la profesión". *In re Coll Pujols*, 102 DPR 313, 319 (1974).

## III

Durante dos años, el licenciado González Acevedo no tomó las acciones suficientes para subsanar la totalidad de las deficiencias notificadas por la ODIN. Pese a que este Tribunal le ha brindado múltiples prórrogas, el licenciado ha sido indolente en cumplir lo ordenado. De por sí, esta conducta displicente constituye una causal para su suspensión inmediata de la profesión.

Empero, la conducta del licenciado aquí censurada no se circunscribe únicamente a su inobservancia con las órdenes de este Tribunal y de la ODIN. Estimamos que las dos

escrituras —en las cuales aparece la firma, el sello y la rúbrica del licenciado González Acevedo— fueron autorizadas por éste luego de haberse incautado su obra y sello notariales.

Respecto a este asunto, la ODIN alertó a este Tribunal sobre la alegada práctica indebida de la notaría por parte de este abogado. Posteriormente, la ODIN informó que la señora Miranda Nieves solicitó que se le informara si en el índice notarial correspondiente a julio de 2016 constaba la escritura de capitulaciones matrimoniales en la que ésta figura como otorgante. La ODIN interpretó tal solicitud como un hecho que abona a comprobar que el licenciado González Acevedo ejerció la notaría estando inhabilitado para ello.

Por otra parte, es meritorio recordar que un Tribunal puede hacer su propia apreciación sobre los hechos sustentado en prueba documental. Véase *In re Ortiz Burnet*, 152 DPR 542, 549 (2000). En el presente caso, la ODIN adjuntó a su informe las copias de las escrituras en cuestión, por lo que pudimos evaluar la forma y el contenido de éstas.

Ante tales alegaciones, se le proveyó al licenciado González Acevedo un término para que se expresara sobre las dos escrituras en cuestión. Sin embargo, éste nada dispuso sobre tan delicado asunto en su *Escrito en cumplimiento de orden*. En vista de lo antes mencionado, colegimos que el licenciado González Acevedo otorgó las escrituras en una clara contravención a los Cánones 9, 18 y 38 del Código de Ética Profesional. Sin duda alguna, la autorización de tales escrituras, luego de haberse incautado el único sello notarial registrado por el licenciado González Acevedo, constituye una afrenta a la seguridad jurídica y contraviene los deberes fundamentales del notario. Ello, pues, y a modo de recordatorio, el notario es " 'un profesional del Derecho que ejerce una función pública para robustecer, con una presunción de verdad, los actos en que interviene, para colaborar en la formación correcta del negocio jurídico y para solemnizar y dar forma legal a los negocios jurídicos priva-

dos'". (Énfasis suprimido). P. Malavet Vega, *El derecho notarial en Puerto Rico*, Puerto Rico, Eds. Omar, 2010, pág. 83, citando a Giménez Arnau, *Derecho notarial español*, pág. 44. Asimismo, al examinar las escrituras en cuestión, reluce la falta de destreza en el manejo del derecho sustantivo en los negocios jurídicos contenidos allí.

El licenciado González Acevedo, a pesar de no exponer las razones por las cuales no debe ser suspendido de la profesión legal, solicitó a este Tribunal que autorizara su renuncia voluntaria a la práctica de la abogacía y la notaría. No obstante, dar paso a la petición del licenciado González Acevedo tendría el efecto de abrir las puertas al subterfugio, permitiéndole esquivar así las consecuencias disciplinarias que acarrean su incumplimiento con las obligaciones que rigen la profesión legal. Por ende, tal proceder minaría el poder inherente de este Tribunal para regular la profesión legal y velar por el más fiel cumplimiento de las normas éticas por parte de la clase togada.

■ Finalmente, para determinar la sanción que se impondrá, requiere evaluar el historial de conducta del abogado. Así, pues, deben considerarse factores como los siguientes: "si goza de buena reputación, si aceptó la falta, su sincero arrepentimiento, si realizó la conducta impropia con ánimo de lucro y cualquier otro factor pertinente". *In re Portela Martínez*, supra, pág. 93. Véase *In re Díaz Nieves et als.*, 189 DPR 1000 (2013). A esos efectos, cabe señalar que en la actualidad obra contra el licenciado González Acevedo una queja presentada el 11 de agosto de 2016.[5]

---

[5] Debemos señalar que una queja ética, por sí sola, no es un hecho constitutivo de conducta impropia o de mala reputación. Sin embargo, entendemos necesario hacer constar la queja pendiente, por ser éste un asunto de naturaleza ética que forma parte del expediente del licenciado González Acevedo.

## IV

En atención a lo anterior, *se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del licenciado González Acevedo. Se le impone el deber de notificar a sus actuales clientes su inhabilidad de continuar representándolos, devolverles los honorarios por trabajos no realizados e informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta días contados a partir de la notificación de esta Opinión "per curiam" y Sentencia.*

*Asimismo, se le ordena que, en un término de sesenta días, subsane a sus expensas las deficiencias señaladas por la ODIN. Notifíquese personalmente.*

*Se dictará sentencia de conformidad.*