*In re* LUIS F. MANGUAL ACEVEDO.

*Número:* TS-17,908          *Resuelto:* 20 de abril de 2017

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías; *Luis F. Mangual Acevedo, pro se.*

PER CURIAM: En esta ocasión nos corresponde ordenar la suspensión inmediata e indefinida de la abogacía de un profesional del Derecho por violar el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX.

I

El Lcdo. Luis F. Mangual Acevedo fue admitido a la profesión de la abogacía el 17 de agosto de 2010 y de la notaría el 7 de febrero de 2011.

Para el 2014, la Oficina de Inspección de Notarías (ODIN) notificó al licenciado Mangual Acevedo la falta de presentación de veinticinco Índices de Actividad Notarial Mensual y de los Informes Estadísticos de Actividad Notarial correspondientes a 2012 y 2013. Asimismo, el letrado no había acreditado la vigencia de la fianza notarial para los años del 2011 al 2015. Pese al sinnúmero de prórrogas concedidas para que el licenciado Mangual Acevedo atendiera las deficiencias señaladas, éste las desaprovechó. En vista de ello, el 16 de octubre de 2015, mediante una Resolución notificada personalmente, se ordenó la suspensión inmediata e indefinida del ejercicio de la notaría del licenciado Mangual Acevedo. Véase *In re Mangual Acevedo*, 193 DPR 985 (2015). En la referida Resolución se confirió al letrado un término improrrogable de treinta días para que presentara los índices e informes notariales adeudados y acreditara la vigencia de la fianza notarial, y se le impuso una sanción económica de $500 por haber incumplido con los requerimientos de la ODIN. Además, se le apercibió de que su incumplimiento con este nuevo término podría acarrear sanciones.[1]

_____

[1] El 5 de noviembre de 2015 el licenciado Mangual Acevedo compareció me-

Por otro lado, durante el trámite de la notificación personal de la Resolución mencionada, se incautó la obra notarial del abogado, la cual fue inspeccionada. De esta inspección surgieron nuevas deficiencias, a saber, la falta de encuadernación de un Protocolo, instrumentos sin enumerar, una deuda arancelaria de $1,438, entre otras.[2] Véase Informe sobre estado de obra notarial incautada—Luis F. Mangual Acevedo, Notario Número 17908, de 10 de febrero de 2016.

El 22 de abril de 2016 concedimos al licenciado Mangual Acevedo un término de diez días para mostrar causa por la cual no debía ser suspendido de la abogacía por su incumplimiento con nuestras órdenes. Así las cosas, el licenciado Mangual Acevedo compareció el 10 de mayo de 2016 y arguyó que confrontaba problemas de índole personal, de salud y económicos los cuales provocaron su incumplimiento con las órdenes de la ODIN y de este Tribunal. Por lo tanto, solicitó un término de sesenta días para subsanar las deficiencias de su obra notarial. A pesar de las escuetas excusas ofrecidas por el licenciado Mangual Acevedo respecto a su reiterado incumplimiento, concedimos finalmente el término solicitado mediante la Resolución de 16 de diciembre de 2016. Además, se apercibió nuevamente al licenciado que su incumplimiento con esta orden podría conllevar sanciones más severas, incluyendo la posible separación del ejercicio de la abogacía.

No obstante, el 2 de marzo de 2017 compareció el Director de la ODIN, el Lcdo. Manuel E. Ávila de Jesús, mediante una *Moción notificando incumplimiento de orden e informe preliminar sobre el estado de la obra notarial incautada*. En ésta, el Director de la ODIN alertó que el 20

---

diante una moción de reconsideración. Sin embargo, este Tribunal proveyó "no ha lugar" el 1 de diciembre de 2015.

[2] La Lcda. Enid Almenas Serrano, inspectora de la obra notarial de referencia, hace la salvedad en su Informe de que la Oficina de Inspección de Notarías (ODIN) desconoce la totalidad de los instrumentos públicos y de los testimonios autorizados por el licenciado Mangual Acevedo. Esta inexactitud es consecuencia del incumplimiento del abogado con el deber de presentar los informes sobre su actividad notarial.

de febrero de 2017 venció el término de sesenta días concedido al licenciado Mangual Acevedo sin que éste cumpliera con lo ordenado. De esta forma, el licenciado incumplió con el último término concedido para subsanar las deficiencias de su obra notarial.

## II

Todo miembro de la abogacía tiene el deber de cumplir con las normas de conducta contenidas en el Código de Ética Profesional. Entre éstas está el deber para con los tribunales. Sobre este particular, el Canon 9 del Código de Ética Profesional dispone que todo abogado debe "observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX.

De esta forma, surge el deber de todo abogado de responder diligentemente a las órdenes y los requerimientos del Tribunal. Véase *In re Aponte Sánchez*, 178 DPR 647, 649 (2010); *In re Cubero Feliciano I*, 175 DPR 794 (2009). Por ello, reiteramos que " 'procede suspender inmediata e indefinidamente de la práctica de la abogacía en nuestra jurisdicción a cualquier miembro de la profesión legal que opta por ignorar nuestras órdenes y muestra indiferencia ante nuestros apercibimientos de sanciones disciplinarias' ". *In re González Acevedo*, 197 DPR 360, 364–365 (2017). Véanse: *In re Colón Collazo*, 196 DPR 239, 242 (2016); *In re Colón Cordovés*, 195 DPR 543 (2016).

## III

En el 2015, el licenciado Mangual Acevedo fue suspendido del ejercicio de la notaría tras haber incumplido con los requerimientos de la ODIN y de este Tribunal para que subsanar ciertas deficiencias notariales. Como resultado de esta suspensión, se incautó su obra notarial y se inspeccionó posteriormente. De este procedimiento surgieron

nuevas deficiencias, las cuales al presente tampoco fueron subsanadas.

Del historial disciplinario aquí reseñado reluce un patrón de desidia y falta de interés por parte del licenciado Mangual Acevedo en su quehacer como profesional del Derecho. Durante más de dos años, el licenciado ignoró nuestras órdenes y los requerimientos de la ODIN. Sin duda, estos hechos constituyen una violación al Canon 9 del Código de Ética Profesional. Finalmente, nos resulta inaceptable la indiferencia exhibida por el licenciado Mangual Acevedo, por lo que procede su suspensión inmediata de la profesión de la abogacía.

## IV

En atención a lo anterior, *se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del licenciado Mangual Acevedo. Se le impone el deber de notificar a sus clientes sobre su inhabilidad de continuar representándoles, devolver los honorarios por los trabajos no realizados e informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta días, contados a partir de la notificación de esta Opinión "per curiam" y Sentencia.*

Asimismo, *se le ordena que, en un término de sesenta días, subsane a sus expensas las deficiencias señaladas por la ODIN. Notifíquese personalmente.*

*Se dictará sentencia de conformidad.*