EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br><br>Jorge E. Rodríguez Vega | 2018 TSPR 64<br><br>200 DPR ____ |
| --- | --- |

Número del Caso:  AB-2013-377
                (TS-5,511)


Fecha: 19 de abril de 2018


Abogado de la parte promovida:


                Por derecho propio


Oficina de Inspección de Notarías:


                Lcdo. Manuel Ávila De Jesús
                Director


Materia:  Conducta Profesional – La suspensión será efectiva el 23 de abril de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

| | |
|---|---|
| In Re: | |
| Jorge E. Rodríguez Vega | AB-2013-0377 |
| (TS-5,511) | |

*PER CURIAM*

En San Juan, Puerto Rico, a 19 de abril de 2018.

Una vez más, nos vemos obligados a suspender de forma inmediata e indefinida a un miembro de la profesión jurídica por no acatar las órdenes de este Tribunal. Procedemos a delimitar los hechos que nos mueven a imponer las medidas disciplinarias correspondientes.

I

El Lcdo. Jorge E. Rodríguez Vega fue admitido al ejercicio de la abogacía el 31 de mayo de 1977 y juramentó como notario el 29 de junio del mismo año.

El 2 de julio de 2005 el licenciado Rodríguez Vega otorgó dos escrituras sobre segregación, compraventa y ratificación de actos, en las cuales compareció como otorgante la Sra. María Antonia Rodríguez Sepúlveda. En las referidas escrituras se

indicó que, antes de fallecer, la Sra. Crisanta Sepúlveda, madre de la señora Rodríguez Sepúlveda, segregó y vendió dos predios de terreno de un solar suyo ubicado en el Municipio de Guayanilla. Además, se estableció en las escrituras que la señora Rodríguez Sepúlveda era la única y universal heredera de la señora Sepúlveda y que compareció a dichas escrituras a ratificar todos y cada uno de los actos llevados a cabo por su madre antes de su fallecimiento, para así poner en la posesión real y efectiva de los inmuebles mencionados a los compradores.

Posteriormente, el 19 de septiembre de 2013 el Sr. Domingo Irizarry presentó una queja contra el licenciado Rodríguez Vega. Particularmente, alegó que contrató al abogado para que trabajara el "arreglo de unas escrituras", las cuales fueron otorgadas previamente por su difunta esposa, la señora Rodríguez Sepúlveda. Asimismo, sostuvo que acordó pagarle $700 al abogado para que culminara los trámites correspondientes. Así, el señor Irizarry señaló que el 23 de agosto de 2012 le envió $300 al licenciado Rodríguez Vega en un giro y que acordaron que le enviaría los $400 restantes cuando el abogado culminara su trabajo.

Por otro lado, el señor Irizarry, quien reside en el estado de New York, indicó que viajó a Puerto Rico en mayo del 2013 y que en esa ocasión el licenciado Rodríguez Vega le entregó unos documentos para que su hija los firmara. No obstante, adujo que el abogado no le especificó la parte del documento donde ella debía firmar, por lo cual éstos se

dañaron. Por ello, el señor Irizarry sostuvo que le requirió al licenciado Rodríguez Vega que le enviara nuevamente los documentos para subsanar el error.

Por su parte, el 7 de noviembre de 2013 el licenciado Rodríguez Vega presentó su contestación a la queja de referencia. El abogado señaló que desde el día en que se otorgaron las mencionadas escrituras ha intentado practicar la segregación de un solar, pero que el señor Irizarry no ha querido cooperar ni firmar los documentos. Según expresó, éste intentó hablar con el señor Irizarry para explicarle sobre una situación con los compradores e informarle que lo que faltaba por tramitar era la declaratoria de herederos de la señora Rodríguez Sepúlveda, así como su anuencia y autorización para que el agrimensor contratado sometiera el caso nuevamente ante las agencias pertinentes. Indicó que le explicó al señor Irizarry que, una vez segregados los solares, se podía disponer del remanente que resultara en el Registro de la Propiedad. A su vez, manifestó que se presentó la solicitud de declaratoria de herederos de la señora Rodríguez Sepúlveda ante el Tribunal de Primera Instancia, Sala de Guayanilla, y que dicho foro emitió la correspondiente Resolución el 30 de mayo de 2013, cuya copia le fue entregada personalmente al Sr. Irizarry. De igual modo, el licenciado Rodríguez Vega señaló que le entregó al Sr. Irizarry unos documentos para que su hija los firmara y que le explicó la forma en que debía hacerlo. Sin embargo, los documentos se dañaron,

por lo cual le informó al Sr. Irizarry que tenía que volverlos a tramitar. No obstante, como su secretaria se encontraba fuera de Puerto Rico, le indicó que tenía que esperar a que regresara para tramitarlos. Ante esto, el abogado alegó que el Sr. Irizarry lo insultó y le habló de forma grosera, por lo cual decidió no contestar más sus llamadas. Finalmente, adujo que exhortó al Sr. Irizarry a utilizar los $400 que retuvo para contratar a otro abogado.

Así las cosas, el 16 de enero de 2014 este Tribunal refirió la queja de epígrafe a la consideración de la Oficina de la Procuradora General (Procuradora General). Luego de evaluar la mencionada queja, la Procuradora General presentó una moción ante este Tribunal en la cual nos solicitó que se le relevara de dicho asunto y se le refiriera a la Oficina de Inspección de Notarías (ODIN), por entender que la queja trataba sobre una gestión realizada por el licenciado Rodríguez Vega en su función notarial. Además, la Procuradora General indicó que, debido a que el licenciado Rodríguez Vega completó la gestión del trámite de la declaratoria de herederos de la señora Rodríguez Sepúlveda, no era necesario que éste devolviera los $300 que ya se le habían pagado. No obstante, expresó que le creó inquietud el hecho de que surgía del expediente que el caso trataba sobre unas segregaciones de unos lotes que posteriormente fueron vendidos, pero se desconoce si dichas segregaciones contaban o no con los permisos necesarios antes de otorgarse la escritura pública. Por

otro lado, señaló que tampoco estaba claro si el licenciado Rodríguez Vega fue quien realizó la escritura de segregación de lotes o si su intervención se limitó a otorgar un documento público para ratificar actos de segregación y compraventa previamente realizados y otorgados por otro notario. Finalmente, indicó que no era posible precisar si había sido alguna falta notarial del licenciado Rodríguez Vega lo que impidió la inscripción.

Consecuentemente, el 25 de marzo de 2014 emitimos una Resolución mediante la cual dejamos sin efecto el referido de la presente queja a la Procuradora General y referimos la misma a la ODIN.[1]

Luego de investigar y evaluar las circunstancias que originaron la queja de referencia, el Lcdo. Manuel E. Ávila De Jesús, Director de la ODIN, emitió su informe el 1 de julio de 2014. En éste concluyó que el incumplimiento con el deber de diligencia del licenciado Rodríguez Vega en la presentación de las Escrituras Núm. 12 y Núm. 13 al Registro de la Propiedad con sus correspondientes documentos complementarios activa la facultad disciplinaria de este Tribunal, pues ello constituye una violación a los Cánones 12 y 18 del Código de Ética Profesional. Por consiguiente, recomendó que se le ordenara al abogado culminar los trámites relacionados a la obtención de los permisos de segregación ante la Oficina de Gerencia de Permisos, así como a presentar ante el Registro de la

---

[1] La copia de la notificación de la Resolución se archivó en los autos el 1 de abril de 2014.

Propiedad de Ponce, Sección Segunda, los documentos necesarios para inscribir los títulos de las partes compradoras de las Escrituras Núm. 12 y Núm. 13, así como completar cualquier trámite relacionado con la sucesión de la Sra. Rodríguez Sepúlveda. A su vez, recomendó requerirle al licenciado Rodríguez Vega mantener informado tanto al Tribunal como a la ODIN sobre los trámites encaminados y que se le apercibiera que en el futuro debería desempeñarse con mayor esmero, cuidado y con el celo profesional que exige la profesión de la abogacía y la notaría.

Por consiguiente, el 8 de abril de 2015 emitimos una Resolución mediante la cual le concedimos un término de 20 días al licenciado Rodríguez Vega para que se expresara sobre el informe presentado por la ODIN.[2]

En respuesta, el licenciado Rodríguez Vega presentó ante nosotros el 12 de mayo de 2015 una *Moción en cumplimiento de orden* en la cual señaló que el caso se encontraba en el proceso de tramitación de los permisos de la Junta de Planificación y que no se había cumplido con dicho trámite por la falta de obtención de la firma del señor Irizarry y su hija. No obstante, indicó que recientemente había podido obtener las firmas, por lo cual el trámite final culminaría en dos semanas aproximadamente.

Así las cosas, el 19 de junio de 2015 emitimos una Resolución en la cual acogimos las recomendaciones de la ODIN y le ordenamos al licenciado Rodríguez Vega que, a su

---

[2] La copia de la notificación de la Resolución se archivó en los autos el 15 de abril de 2015.

costo, culminara con los trámites relacionados a la obtención de los permisos de segregación ante la Oficina de Gerencia de Permisos y que presentara ante el Registro de la Propiedad de Ponce, Sección Segunda, los documentos necesarios para la inscripción de las Escrituras Núm. 12 y Núm. 13, así como completar cualquier trámite relacionado con la Sucesión de la Sra. Rodríguez Sepúlveda.[3] Además, le indicamos que debía mantener informados tanto a la ODIN como a este Tribunal de todas las gestiones dirigidas a dar cumplimiento a la Resolución y que una vez culminara dichos trámites, se ordenaría el archivo de la queja presentada. Finalmente, se apercibió al abogado que en un futuro debería desempeñarse con mayor esmero, cuidado y con el celo profesional que exige la profesión de la abogacía y la notaría.

Posteriormente, el 14 de enero de 2016 emitimos otra Resolución[4] mediante la cual le concedimos un término de 10 días para que el licenciado Rodríguez Vega cumpliera con la Resolución del 19 de junio de 2015. A esos efectos, el 8 de febrero de 2016 el abogado presentó una moción en la cual nos notificó el trabajo que había realizado hasta ese momento. Además, indicó que el señor Irizarry estaba satisfecho con la labor realizada.

---

[3] La copia de la notificación de la Resolución se archivó en los autos el 26 de junio de 2015.

[4] La copia de la notificación de la Resolución se archivó en los autos el 19 de enero de 2016.

El 27 de mayo de 2016 emitimos una Resolución[5] mediante la cual le concedimos al licenciado Rodríguez Vega un término de 90 días para que le informara tanto a la ODIN como a este Tribunal sobre la culminación de las gestiones objeto de la Resolución del 19 de junio de 2015.

Ante la incomparecencia del licenciado Rodríguez Vega, el 25 de octubre de 2016 emitimos otra Resolución[6] en la cual le concedimos un término final e improrrogable de 10 días para dar cumplimiento a nuestra Resolución del 27 de mayo de 2016. Además, se le apercibió que su incumplimiento con lo ordenado podría conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión.

El 10 de noviembre de 2016 el licenciado Rodríguez Vega presentó una moción en la cual expresó que todas las alegaciones del señor Irizarry habían sido atendidas, que el proceso se había dilatado por culpa de éste y que lo único que faltaba por notificar era la planilla de caudal relicto.

Posteriormente, el 31 de marzo de 2017 emitimos una Resolución[7] en la cual le concedimos al abogado un término de 20 días para que acreditara tanto a la ODIN como a este

---

[5] La copia de la notificación de la Resolución se archivó en los autos el 2 de junio de 2016.

[6] La copia de la notificación de la Resolución se archivó en los autos el 26 de octubre de 2016.

[7] La copia de la notificación de la Resolución se archivó en los autos el 6 de abril de 2017.

Tribunal sobre la culminación de las gestiones objeto de nuestra Resolución de 19 de junio de 2015.

Consecuentemente, el 4 de mayo de 2017 el licenciado Rodríguez Vega presentó una *Moción informativa* en la cual indicó que por razones de salud no había podido resolver los trámites restantes del caso. A esos efectos, nos solicitó tiempo adicional para atender nuestros requerimientos.

Finalmente, el 26 de mayo de 2017 emitimos una Resolución[8] mediante la cual le concedimos un término adicional de 45 días para que culminara las gestiones objeto de nuestra Resolución de 19 de junio de 2015. Al día de hoy, el abogado no ha cumplido con nuestras órdenes.

II

Como parte de nuestra facultad inherente de regular la profesión jurídica en Puerto Rico nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente.[9] A esos fines, el Código de Ética Profesional establece las normas mínimas de

---

[8] La copia de la notificación de la Resolución se archivó en los autos el 30 de mayo de 2017.

[9] In re Vélez Rivera, 2018 TSPR 4, 199 DPR ___ (2018); In re Marín Serrano, 197 DPR 535, 538 (2017); In re Montalvo Delgado, 196 DPR 541, 549 (2016); In re Sepúlveda Torres, 196 DPR 50, 53 (2016); In re Oyola Torres, 195 DPR 437, 440 (2016); In re Vera Vélez, 192 DPR 216, 226 (2015).

conducta que deben seguir los abogados que ejercen esta profesión.[10]

Una de las disposiciones de mayor envergadura en nuestro ordenamiento jurídico es el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, el cual establece que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Por ello, éstos tienen que emplear estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer.[11] Así pues, todo abogado tiene la obligación de responder de forma diligente y oportuna a las órdenes de este Tribunal.[12] Asimismo, hemos interpretado que el Canon 9 se extiende tanto a los requerimientos de este Tribunal como a los de la ODIN.[13]

Cabe destacar que el incumplimiento con este deber, demuestra un claro menosprecio a la autoridad de este Tribunal.[14] Además, en reiteradas ocasiones hemos señalado que la actitud de indiferencia a nuestros apercibimientos

---

[10] In re Vélez Rivera, supra; In re Marín Serrano, supra; In re Sepúlveda Torres, supra. Véase, además: In re Guemárez Santiago, 191 DPR 611, 617-618 (2014); In re Falcón López, 189 DPR 689, 695 (2013).

[11] In re Vélez Rivera, supra; In re Marín Serrano, supra, pág. 539; In re Rodríguez Quesada, 195 DPR 967, 969 (2016); In re Stacholy Ramos, 195 DPR 858, 860 (2016).

[12] In re Vélez Rivera, supra; In re Marín Serrano, supra; In re Vera Vélez, supra, pág. 226.

[13] In re Vélez Rivera, supra; In re González Acevedo, 197 DPR 360, 365 (2017); In re Colón Collazo, 196 DPR 239, 242 (2016).

[14] In re Vélez Rivera, supra; In re Marín Serrano, supra; In re Rodríguez Quesada, supra. Véase, además: In re De León Rodríguez, 190 DPR 378, 390-391 (2014); In re Irizarry Irizarry, 190 DPR 368, 374 (2014).

sobre sanciones disciplinarias constituye causa suficiente para una suspensión inmediata de la práctica de la profesión.[15] De ese modo, desatender nuestros requerimientos es incompatible con la práctica de la profesión y constituye una violación al Canon 9 del Código de Ética Profesional, *supra*.[16]

III

A pesar de las múltiples oportunidades y apercibimientos de este Tribunal, el licenciado Rodríguez Vega ha desplegado una conducta temeraria en desatención a nuestra autoridad como foro regulador de la profesión legal. Ello pues, el abogado ha hecho caso omiso a las órdenes que hemos emitido y tampoco ha cumplido con los requerimientos de la ODIN. Esa conducta, en sí misma, constituye un craso incumplimiento con el Canon 9 del Código de Ética Profesional, *supra*. EL licenciado Rodríguez Vega nos ha demostrado con su actitud que no tiene interés en practicar la profesión jurídica en esta jurisdicción.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Rodríguez Vega del ejercicio de la abogacía y la notaría.

El licenciado Rodríguez Vega deberá notificar de forma inmediata a sus clientes que, por motivo de su

---

[15] In re Vélez Rivera, supra; In re Marín Serrano, supra; In re Vera Vélez, supra, págs. 226-227; In re Toro Soto, 181 DPR 654, 660 (2011); In re Martínez Sotomayor I, 181 DPR 1, 3 (2011).

[16] In re Vélez Rivera, supra; In re Marín Serrano, supra; In re Figueroa Cortés, 196 DPR 1, 3 (2016).

suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. De igual manera, deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial del licenciado Rodríguez Vega y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por el licenciado Rodríguez Vega durante el periodo en que la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In Re:


Jorge E. Rodríguez Vega          AB-2013-0377

    (TS-5,511)


*SENTENCIA*

En San Juan, Puerto Rico, a 19 de abril de 2018.

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Rodríguez Vega del ejercicio de la abogacía y la notaría.

El licenciado Rodríguez Vega deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. De igual manera, deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial del licenciado Rodríguez Vega y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por el licenciado Rodríguez Vega durante el periodo en que la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez, no intervino.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo