EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Luis D. Méndez Cordero | 2018 TSPR 185<br><br>201 DPR ____ |

Número del Caso: AB-2018-38


Fecha: 30 de octubre de 2018

Abogada del promovido:

        Por derecho propio

Oficina de Inspección de Notarías:

        Lcdo. Manuel E. Ávila De Jesús


Materia: La suspensión será efectiva el 26 de noviembre de 2018, fecha en que se le notificó por correo certificado al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Luis D. Méndez Cordero                    AB-2018-0038
                                          TS-17,061

PER CURIAM

En San Juan, Puerto Rico, a 30 de octubre de 2018.

El 28 de agosto de 2018, ordenamos la incautación preventiva de la obra y sello notarial del Lcdo. Luis D. Méndez Cordero y le ordenamos mostrar causa por la cual no debíamos suspenderlo del ejercicio de la notaría. Al día siguiente, le ordenamos expresarse sobre un informe preparado por el Director de la Oficina de Inspección de Notarías (ODIN) referente a una queja presentada en su contra y le apercibimos de las consecuencias disciplinarias de no comparecer. Por no recibir respuesta de su parte, nos vemos obligados a disciplinarlo.

I

El licenciado Méndez Cordero fue admitido al ejercicio de la abogacía en agosto de 2008 y al ejercicio de la notaría el mes siguiente. Entre los años 2014 y 2016, el Sr. Agustín García Acevedo lo contrató para la preparación de unas escrituras públicas. Aparentemente, el licenciado Méndez Cordero cometió varios errores en las escrituras que otorgó y tuvo que preparar actas aclaratorias para corregirlos. Luego, surgieron otros errores y el señor García Acevedo contrató a otros notarios para remediarlos.

El señor García Acevedo solicitó del licenciado Méndez Cordero la copia de dos escrituras. Como no tuvo éxito, presentó una queja contra el licenciado Méndez Cordero el 26 de febrero de 2018. El 19 de marzo de 2018, la Secretaría de este Tribunal le requirió al licenciado Méndez Cordero contestar la queja dentro de diez días. Al no recibir respuesta, el 17 de abril de 2018 la Secretaría emitió una segunda notificación con un plazo final de diez días. El licenciado Méndez Cordero pidió prórroga para contestar, pues admitió que no recibió la primera notificación porque su dirección postal no estaba actualizada en el Registro Único de Abogados (RUA). La Secretaría le concedió entonces otro plazo final de diez días el 1 de mayo de 2018. Transcurrido el plazo de tiempo sin que el licenciado compareciera, la Secretaría refirió la queja a la ODIN.

La ODIN le hizo ciertos requerimientos al licenciado Méndez Cordero, pero este tampoco contestó. El Director de la

ODIN nos presentó un informe el 11 de julio de 2018 y nos recomendó la suspensión inmediata e indefinida del licenciado Méndez Cordero del ejercicio de la notaría y, de entenderlo nosotros necesario, de la abogacía también. El 31 de julio de 2018, mediante resolución notificada al correo electrónico del licenciado Méndez Cordero, le concedimos veinte días para expresarse sobre el informe.

Mientras transcurría ese término, el Director de la ODIN nos informó que, por motivo de la referida queja, encaminó el proceso de inspección de la obra notarial del licenciado Méndez Cordero desde el 2008 hasta el 2017. Llegado el día de la reunión pautada para la inspección, el licenciado Méndez Cordero solicitó por teléfono que se le excusara de comparecer, porque tuvo que trasladarse al área oeste para atender una emergencia médica. El licenciado Méndez Cordero remitió una excusa suscrita por su psicólogo, en la que se le ordenaba descanso hasta el 25 de julio de 2018. Cuando culminó ese periodo, la Inspectora de Protocolos y Notarías intentó infructuosamente comunicarse con el licenciado Méndez Cordero. El 3 de agosto de 2018, el Director de la ODIN le envió una carta mediante la que le requirió comparecer a las oficinas administrativas de la ODIN para iniciar el examen de su obra. El licenciado no compareció ni se comunicó para excusarse.

El Director de la ODIN nos presentó una "Moción urgente en solicitud de la incautación de obra notarial y en solicitud de otros remedios". Mediante resolución el 28 de agosto de

2018, proveímos ha lugar a su moción y ordenamos la incautación preventiva y cautelar del sello y de la obra notarial del licenciado Méndez Cordero. También, le ordenamos que dentro de veinte días mostrara causa por la que no se le debía suspender del ejercicio de la notaría.

Al otro día, emitimos otra resolución. El término que le concedimos al licenciado Méndez Cordero para expresarse en relación al informe que la ODIN preparó referente a la queja, también había transcurrido sin que el licenciado compareciera. Le concedimos un término final e improrrogable de veinte días para expresarse sobre el informe, y le apercibimos de que las consecuencias disciplinarias de no comparecer pueden incluir la suspensión del ejercicio de la abogacía y de la notaría. Ambas resoluciones le fueron notificadas personalmente el 18 de septiembre de 2018.

El licenciado Méndez Cordero no atendió ninguna de las dos órdenes, pero eso no fue todo. Cuando un alguacil de este Tribunal se personó a la sede notarial del licenciado Méndez Cordero para cumplir la orden de incautar su obra y sello, encontró que nadie vivía en la residencia. Algunos días después, el alguacil logró comunicarse con el licenciado Méndez Cordero, y este le indicó que ya no vivía en San Juan, sino en Moca. También le informó que había dejado su obra notarial en el apartamento de San Juan, pero que tenía dudas de si la obra aún se encontraba ahí porque el apartamento fue destrozado por el huracán María. Se pusieron de acuerdo y se encontraron en el apartamento, pero desafortunadamente la

obra notarial no apareció. El licenciado Méndez Cordero solo entregó su sello notarial.

El 3 de octubre del 2018, el Director de la ODIN compareció nuevamente. Nos informó que el licenciado Méndez Cordero no había notificado el extravío o destrucción de su obra protocolar como resultado del paso del huracán María, ni había encaminado el proceso de reconstrucción de su obra establecido en la Regla 58-A del Reglamento Notarial, 4 LPRA Ap. XXIV. También señaló que el licenciado Méndez Cordero adeuda seis informes mensuales y el informe estadístico anual del año 2016, todos los informes del año 2017 y los nueve informes mensuales del año en curso. Por ello, recomendó la suspensión inmediata e indefinida del licenciado Méndez Cordero del ejercicio de la notaría. Además, solicitó que ordenemos al licenciado encaminar el proceso reglamentario de reconstrucción de su obra protocolar. La recomendación y solicitud del Director de la ODIN es adecuada.

II

La desatención a las órdenes de un tribunal constituye un grave insulto a su autoridad y una clara violación del mandato del Canon 9 del Código Ética Profesional, 4 LPRA Ap. IX; In re Pestaña Segovia, 192 DPR 485, 493-494 (2015). La práctica de la abogacía y la notaría exige meticulosa atención y diligencia estricta con las órdenes de este Tribunal, así como con los requerimientos de la ODIN. In re Maldonado Rivera, 147 DPR 380, 382 (1999). Esto es más importante cuando

se trata de procedimientos sobre su conducta profesional. In re Aponte Sánchez, 178 DPR 647, 649 (2010).

Cuando un abogado opta por ignorar las órdenes de este Tribunal y muestra indiferencia ante nuestros apercibimientos de sanciones disciplinarias, procede suspenderlo inmediata e indefinidamente de la profesión. Lo mismo sucede cuando se ignoran los requerimientos de funcionarios del Tribunal o de la ODIN. In re Colón Collazo, 196 DPR 239 (2016).

III

El licenciado Méndez Cordero no compareció ante nos, aunque se lo ordenamos y le concedimos amplia oportunidad para hacerlo. También desatendió en múltiples ocasiones las comunicaciones del Director de la ODIN. Su conducta es inaceptable. Es contraria al Canon 9 del Código de Ética Profesional, supra, y es suficiente, por sí sola, para que lo suspendamos de forma inmediata e indefinida de la profesión. Pero su conducta no se limitó a eso. El licenciado descuidó y dejó perder su obra notarial y no hizo luego gestiones para recuperarla. Además, incumplió con el deber de actualizar la información de contacto en RUA, lo que obstaculizó los trabajos de los funcionarios de este Tribunal y de la ODIN. Su proceder no se ajusta a los estándares de conducta exigibles a un letrado en Puerto Rico. Demuestra poco interés en practicar la abogacía y la notaría.

IV

Así pues, suspendemos al licenciado Méndez Cordero inmediata e indefinidamente del ejercicio de la abogacía y la

notaría. Le ordenamos notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

También le ordenamos encaminar el proceso de reconstrucción de su obra establecido en la Regla 58-A del Reglamento Notarial, <u>supra</u>, y entregarla al Director de la ODIN para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Méndez Cordero mientras la fianza estuvo vigente. Se le apercibe de que incumplir con lo aquí ordenado podría dar lugar a la iniciación de un procedimiento de desacato en el Tribunal de Primera Instancia. Si interesara presentar una solicitud de reinstalación, el señor Méndez Cordero deberá incluir una certificación de la ODIN que demuestre que su obra notarial fue reconstruida y se encuentra libre de deficiencias.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Luis D. Méndez Cordero          AB-2018-0038
                                  TS-17,061

SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente Sentencia, suspendemos al licenciado Méndez Cordero inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Le ordenamos notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

También le ordenamos encaminar el proceso de reconstrucción de su obra establecido en la Regla 58-A del Reglamento Notarial, <u>supra</u>, y entregarla al Director de la ODIN para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los

actos realizados por el señor Méndez Cordero mientras la fianza estuvo vigente. Se le apercibe de que incumplir con lo aquí ordenado podría dar lugar a la iniciación de un procedimiento de desacato en el Tribunal de Primera Instancia. Si interesara presentar una solicitud de reinstalación, el señor Méndez Cordero deberá incluir una certificación de la ODIN que demuestre que su obra notarial fue reconstruida y se encuentra libre de deficiencias.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Estrella Martínez no intervinieron.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo