*In re* HÉCTOR VARGAS DÍAZ.

*Número:* TS-8,413       *Resuelto:* 23 de mayo de 2017

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías, en informe.

PER CURIAM: Una vez más nos vemos obligados a decretar inmediata e indefinidamente la suspensión de la notaría de un miembro de la profesión legal por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y de este Tribunal.

I

El Lcdo. Héctor Vargas Díaz fue admitido al ejercicio de la abogacía el 14 de agosto de 1986 y prestó juramento como notario el 18 de enero de 1991. El 2 de febrero de 2017, el Director de ODIN, Lcdo. Manuel E. Ávila de Jesús, presentó una Moción en Auxilio del Tribunal para Incautación de Obra Notarial y Otros Remedios. Describió las dificultades y falta de cooperación del licenciado en el proceso de examinar su obra protocolar y, posteriormente, en subsanar las deficiencias que fueron señaladas por la

Inspectora de Protocolos y Notarías a cargo del proceso, la Lcda. Frances Díaz Medina.

Por ejemplo, la licenciada Díaz Medina lo convocó a una inspección que se realizaría el 26 de febrero de 2014. No obstante, el licenciado no compareció ni se excusó. Posteriormente, el 25 de marzo de 2014, el licenciado —sin coordinar su visita— se presenció en el Archivo Notarial del Distrito de Ponce. Entregó 247 instrumentos públicos, sueltos y sin encuadernar, que representaban la obra autorizada por él entre 2003 y 2010. Por otro lado, omitió entregar los tomos de los Protocolos de 2001, 2002, 2011, 2012 y 2013, así como los tomos del Libro de Registro de Testimonios que contienen los Asientos Núm. 5232 y siguientes.

Luego de varios trámites, la licenciada Díaz Medina se reunió con el licenciado Vargas Díaz el 19 de julio de 2016. Le informó al licenciado las deficiencias siguientes: (1) omisión de encuadernación, foliación, redacción de la nota de apertura y cierre e índice de los Tomos de Protocolos de 2003 a 2010; (2) omisión de la nota de saca en múltiples instrumentos públicos autorizados; (3) omisión del sello notarial en múltiples instrumentos públicos; (4) necesidad de restructurar los instrumentos públicos no entregados, y (5) omisión de adherir y cancelar los Sellos de Rentas Internas, impuesto notarial y de la Sociedad para Asistencia Legal. Acordaron que, el 2 de agosto de 2016, el licenciado subsanaría las deficiencias señaladas y encaminaría el proceso de inspección de la obra protocolar de 2014 y 2015. Sin embargo, el licenciado incumplió con el acuerdo y no respondió a las llamadas telefónicas ni a los correos electrónicos cursados por la licenciada Díaz Medina.

Por todo lo anterior, el Director de ODIN nos solicitó en su moción en auxilio que ordenáramos: (1) la incautación preventiva de la obra protocolar y del sello notarial del licenciado; (2) la presentación de los informes de actividad notarial adeudados, y (3) la subsanación de la obra protocolar. El 13 de febrero de 2017 emitimos una Resolu-

ción, notificada personalmente el 22 de febrero, donde acogimos la solicitud del Director de ODIN. En lo pertinente, le concedimos al licenciado un término de 30 días para subsanar las deficiencias notificadas. A su vez, le apercibimos de que el incumplimiento con nuestra orden podría conllevar la suspensión inmediata e indefinida de la abogacía y la notaría. Igualmente, le advertimos que el asunto podría ser referido al Departamento de Justicia.

El 20 de abril de 2017, el Director de ODIN presentó un Informe sobre el Estado de la Obra Protocolar Incautada y Notificando Incumplimiento de Orden. Expresó que el licenciado incumplió con la orden del Tribunal y que la obra protocolar fue inspeccionada. De la inspección surge que el licenciado informó que ha autorizado 7,120 testimonios, pero en el Libro de Registro de Testimonios solo hay 5,321 autorizados. Es decir, hay 1,889 testimonios que no han podido ser examinados y, en consecuencia, la deuda arancelaria no pudo ser estimada. Además, incluyó el Informe sobre Estado de Inspección de Obra Notarial, suscrito por la licenciada Díaz Medina. Del mismo surgen las deficiencias siguientes: (1) omisión de encuadernación, foliación y redacción; (2) ausencia total o parcial de 47 instrumentos públicos; (3) omisión de adherir y cancelar sellos por la cantidad de $15,389; (4) ausencia de firmas o iniciales de uno o más de los otorgantes, y (5) ausencia de informes mensuales y anuales de actividad notarial.

Ante este escenario, el Director de ODIN recomienda la suspensión inmediata e indefinida de la notaría. Además, solicita que le ordenemos entregar, en un término de 10 días, tanto los tomos del Libro de Registro de Testimonios que se encuentran bajo su custodia como los informes notariales adeudados. Finalmente, recomienda que en un término de 60 días subsane los defectos de la obra protocolar incautada y la deficiencia arancelaria.

Al presente, el licenciado Vargas Díaz no ha cumplido con nuestra orden del 13 de febrero de 2017.

## II

■ El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, impone a los abogados el deber de observar el mayor respeto hacia los tribunales. *In re Vera Vélez*, 192 DPR 216, 226 (2015); *In re Da Silva Arocho*, 189 DPR 888, 893 (2013). Como corolario, los miembros de la profesión legal tienen la ineludible obligación de responder oportunamente a nuestros requerimientos. *In re Irizarry Irizarry*, 190 DPR 368, 374 (2014); *In re García Ortiz*, 187 DPR 507, 524 (2013). Así, en numerosas ocasiones hemos expresado que la desatención a nuestras órdenes constituye una falta ética que amerita la suspensión del ejercicio de la abogacía. *In re Pestaña Segovia*, 192 DPR 485, 493 (2015); *In re Massanet Rodríguez*, 188 DPR 116, 124 (2013).

■ De igual forma, hemos expresado que los notarios tienen el deber de subsanar con premura las deficiencias que ODIN identifique en su obra. *In re García Aguirre*, 190 DPR 539, 545 (2014); *In re Da Silva Arocho*, supra, pág. 892. Así también, "[l]os notarios no pueden asumir una actitud pasiva y esperar a que la ODIN los contacte para corroborar que se hayan corregido las deficiencias señaladas". *In re Vázquez González*, 194 DPR 688, 695 (2016). En consecuencia, la desatención a los requerimientos de ODIN también constituye una infracción al Canon 9, *supra*.

## III

Debido al incumplimiento reiterado del licenciado Vargas Díaz con los requerimientos de ODIN y de este Tribunal, y a la luz del derecho aplicable, *lo suspendemos inmediata e indefinidamente del ejercicio de la notaría. El licenciado deberá entregar, en un término de 10 días, los tomos restantes del Libro de Registro de Testimonios y los informes notariales adeudados. Por último, se ordena al licenciado subsanar los defectos de la obra protocolar y satisfacer la deficiencia arancelaria en un término de 60 días.*

*Ambos términos se computarán a partir de la notificación de esta opinión "per curiam" y sentencia. De incumplir con estos términos, el licenciado se expone a sanciones ulteriores, tales como ser referido al Tribunal de Primera Instancia para un proceso de desacato o ser suspendido indefinidamente de la abogacía. Notifíquese personalmente.*

*Se dictará sentencia de conformidad.*