*In re* José A. Velázquez Pérez, querellado.

*Número:* AB-2016-0269     *Resuelto:* 24 de mayo de 2017

*Doris N. Machado Martínez*, querellante; *Eliezer Rivera Lugo*, de *Rivera Lugo*, PSC, abogado de la parte querellada.

PER CURIAM: Una vez más nos vemos obligados a suspender a un letrado del ejercicio de la abogacía por incumplir con nuestras órdenes.

I

El Lcdo. José A. Velázquez Pérez fue admitido al ejercicio de la abogacía el 3 de enero de 1990. Surge del expediente que el 22 de marzo de 2017 emitimos una Resolución en donde dimos por terminada la fianza notarial otorgada al abogado por MAPFRE PRAICO. Así las cosas, el 6 de septiembre de 2016, la Sra. Doris N. Machado Martínez, en nombre de varios miembros de su familia, presentó ante este Tribunal una queja contra el licenciado Velázquez Pérez. En ella alegaba que el letrado había incumplido con sus deberes profesionales y éticos. Asimismo, le exigió la devolución de su expediente, los sellos y comprobantes valorados en $1,531, y el dinero que le fue entregado para hacer las escrituras encomendadas.

Es por esto que, el 15 de septiembre de 2016, la Subsecretaria del Tribunal Supremo le notificó al licenciado Velázquez Pérez sobre la queja presentada ante este Tribunal y le dio un término de diez días para que presentara su contestación, según lo dispuesto en la Regla 14(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. Sin embargo, el letrado no compareció, por lo que el 5 de octubre de 2016, nuevamente, la Subsecretaria del Tribunal Supremo le concedió un término final de diez días para contestar la queja. Sin embargo, el letrado no contestó y, como consecuencia, el 9 de noviembre de 2016 emitimos una Resolución donde le concedimos un término final e improrrogable de cinco días para que compareciera ante nosotros y contestara la queja presentada en su contra. Asimismo, le apercibimos de que el incumplimiento con esta Resolución podría conllevar sanciones disciplinarias severas, incluyendo su suspensión de la profesión legal.

Así las cosas, el 5 de diciembre de 2016, el licenciado Velázquez Pérez compareció e indicó que había contratado como su representante legal al Lcdo. Eliezer Rivera Lugo, quien subscribió la moción. Además, nos indicó que no había comparecido debido a que mientras se encontraba de viaje tuvo un accidente y permaneció fuera de Puerto Rico hasta culminar terapia física. También, nos comunicó que la Oficina de Inspección de Notarías tenía conocimiento de la situación, debido a que nombró un notario substituto. Asimismo, nos indicó que los quejosos tenían conocimiento del accidente y que había continuado realizando gestiones con la representación legal de estos para resolver la situación, a pesar de las quejas que habían sido presentadas en su contra. Finalmente, el letrado nos solicitó un término adicional de treinta días para contestar la queja, para que su representación legal se pudiera preparar adecuadamente. Ante esto, el 23 de diciembre de 2016 emitimos una Resolución para concederle al licenciado Velázquez Pérez un término final e improrrogable de quince días. Sin embargo, nunca compareció.

## II

El Código de Ética Profesional establece cuáles son las normas mínimas de conducta que deben exhibir los letrados en el desempeño de sus funciones. *In re Rivera Sepúlveda*, 192 DPR 985, 988 (2015). Específicamente, su Canon 9 (4 LPRA Ap. IX) dispone, en lo pertinente, que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". En reiteradas ocasiones hemos resuelto que los abogados tienen el deber y la obligación de contestar, de manera oportuna y diligente, los requerimientos y las órdenes de este Tribunal y sus dependencias, particularmente en procesos disciplinarios. *In re Toro Soto*, 181 DPR 654, 660 (2011). Véase también *In re Rivera Trani*, 188 DPR 454, 460–461 (2013). En otras pala

bras, asumir una actitud de *menosprecio* e *indiferencia* ante nuestras órdenes y los requerimientos de nuestros funcionarios y organismos denota una falta de respeto hacia nuestra autoridad y constituye una violación del Canon 9, *supra*. Véase *In re Colón Collazo*, 196 DPR 239 (2016). Cónsono con lo que hemos resuelto, reiteramos que "[l]a dejadez es incompatible con el ejercicio de la abogacía". *In re Rivera Trani*, supra, pág. 461. Véase, además, *In re González Barreto*, 169 DPR 772, 774 (2006). Por consiguiente, incumplir con lo dispuesto en el Canon 9, *supra*, es razón suficiente para separar a un abogado de la profesión. *In re Toro Soto*, supra, pág. 660. Véase, además, *In re Irizarry Irizarry*, 190 DPR 368, 375 (2014).

## III

El licenciado Velázquez Pérez nunca compareció ante este Tribunal para contestar la queja promovida por la señora Machado Martínez, pese a las múltiples oportunidades que le dimos. En vista de lo anterior, *se dictará Sentencia en la cual suspendemos inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. José A. Velázquez Pérez.*

*Se impone al licenciado Velázquez Pérez el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior en el término de treinta días a partir de la notificación de esta opinión "per curiam" y sentencia. Notifíquese personalmente.*

El Juez Asociado Señor Kolthoff Caraballo no intervino.