*In re* Rosa del M. Latorre Lagares, querellada.

*Número:* AB-2017-0041       *Resuelto:* 29 de junio de 2017

*Yamilette Méndez Pérez,* querellante.

PER CURIAM: A pesar de que hemos expresado reiteradamente que ignorar nuestros requerimientos es una violación al Canon 9 del Código de Ética Profesional, *infra,* y conlleva la suspensión del ejercicio de la profesión, nuevamente nos vemos obligados a imponer una sanción ante la indiferencia demostrada por un miembro de la profesión legal.

## I

La Lcda. Rosa del M. Latorre Lagares fue admitida al ejercicio de la abogacía el 30 de enero de 2002 y prestó juramento como notaria el 2 de abril de 2002. El 17 de febrero de 2017, la Sra. Yamilette Méndez Pérez presentó una queja contra la licenciada Latorre Lagares.[1] El 27 de febrero de 2017 y nuevamente el 30 de marzo de 2017, la Subsecretaria de este Tribunal le cursó una comunicación a la licenciada Latorre Lagares, concediéndole 10 días para contestar la queja presentada en su contra. Ante su incomparecencia, el 24 de abril de 2017 emitimos una Resolución, para concederle un término final e improrrogable de 5 días para contestar la queja. La apercibimos de que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión. A pesar de que la Resolución se le notificó personalmente el 3 de mayo de 2017, la licenciada Latorre Lagares no ha cumplido con nuestra orden.

## II

El Canon 9 del Código de Ética Profesional, 4 LPRA sec. IX, requiere que los abogados y las abogadas observen el mayor respeto ante los tribunales. Por lo tanto, estos tienen la "obligación de contestar, de manera opor-

---

[1] En síntesis, alegó que contrató a la Lcda. Rosa del M. Latorre Lagares para tramitar su divorcio y que la letrada no ha realizado gestión alguna.

tuna y diligente, los requerimientos y las órdenes de este Tribunal y sus dependencias, particularmente en procesos disciplinarios". *In re Velázquez Pérez*, 198 DPR 154, 156 (2017). Véase *In re Vargas Díaz*, 198 DPR 149 (2017). Incumplir con lo anterior, constituye una falta de respeto hacia nuestra autoridad y una violación a este canon que amerita la suspensión del ejercicio de la profesión. Íd. Cabe señalar que esta falta es independiente a los méritos de la queja. *In re Stacholy Ramos*, 195 DPR 858, 861 (2016).

Apliquemos este marco legal a los hechos ante nuestra consideración.

## III

La conducta desplegada por la licenciada Latorre Lagares ante nuestros requerimientos denota una indiferencia inaceptable y un grave menosprecio a la autoridad de este Foro. Su actuación es incompatible con el ejercicio de la profesión legal. En vista de lo anterior, *se decreta la suspensión inmediata e indefinida de la licenciada Latorre Lagares del ejercicio de la abogacía y la notaría. En consecuencia, la fianza notarial queda automáticamente cancelada.*[2]

*Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá, además, informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior en el término de 30 días a partir de la notificación de esta opinión "per curiam" y sentencia. No hacerlo podría conllevar que no se le reinstale cuando lo solicite.*

---

[2] La fianza se considerará buena y válida durante tres años después de su terminación debido a los actos realizados por la licenciada Latorre Lagares durante el periodo en que estuvo vigente.

*El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la señora Latorre Lagares y entregarlos al Director de la Oficina de Inspección de Notarías para el examen e informe correspondientes a este foro. Notifíquese personalmente a la señora Latorre Lagares esta opinión "per curiam" y sentencia.*

*Se dictará sentencia de conformidad.*