EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                    | 2023 TSPR 51    |
|                           |                 |
| Yuri J. Valenzuela Flores | 211 DPR ___     |

Número del Caso:  TS-14,201

Fecha:  18 de abril de 2023

Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director

Materia:  Conducta Profesional – Suspensión inmediata e indefinida de la práctica de la notaría por la reiterada indiferencia ante los requerimientos de la Oficina de Inspección de Notarías.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

|  | TS-14,201 | Conducta |
| --- | --- | --- |
| Yuri J. Valenzuela Flores |  | Profesional |

*PER CURIAM*

En San Juan, Puerto Rico, a 18 de abril de 2023.

Hoy ejercemos nuestra facultad disciplinaria para suspender al Lcdo. Yuri J. Valenzuela Flores de manera inmediata e indefinida del ejercicio de la práctica de la notaría por su reiterada indiferencia ante los requerimientos de la Oficina de Inspección de Notarías (ODIN). Veamos.

**I**

El Lcdo. Yuri J. Valenzuela Flores (notario) fue admitido al ejercicio de la abogacía el 7 de agosto de 2002 y prestó juramento como notario el 11 de septiembre del mismo año. El 7 de marzo de 2023, el Lcdo. Manuel E. Ávila De Jesús, Director de la ODIN, presentó un *Informe especial sobre incumplimiento en*

*la corrección de deficiencias notificadas y en solicitud de*

*remedios* (*Informe*). Según surge del *Informe*, el 8 de

noviembre de 2021, la ODIN notificó al notario sobre el

comienzo del proceso de inspección de su obra protocolar.

Así pues, programó una reunión y coordinó la entrega de la

referida obra para el 21 de diciembre de 2021 con la

Lcda. Mari-Linne Bon Corujo, Inspectora de Protocolos y

Notarías (Inspectora) a cargo del proceso.

El licenciado Valenzuela Flores hizo una entrega parcial

de la obra protocolar a ser examinada en esa fecha.[1] Como

resultado del correspondiente examen, el 1 de marzo de 2022,

la Inspectora notificó deficiencias en todos los tomos que

fueron entregados, así como en el Libro de Registro de

Testimonios. De igual forma, se le notificó al licenciado

Valenzuela Flores que tendría que recoger dicha obra y

entregar aquella que faltaba por examinar,[2] pero éste nunca

se comunicó para proveer una fecha disponible con el fin de

efectuar dicho trámite.

Luego de varios meses sin que se realizara gestión

alguna, el 10 de octubre de 2022, la ODIN reasignó el asunto

al Lcdo. José R. Santiago Rodríguez, Inspector de Protocolos

---

[1] En particular, la obra protocolar entregada constaba de los tomos formados en los años naturales 2003; 2005 al 2006; 2008 al 2011, así como el Volumen Único de su Libro de Registro de Testimonios (Asientos del 1 al 344). Véase *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios* (*Informe*) presentado por la Oficina de Inspección de Notarías (ODIN), pág. 1.

[2] La obra protocolar que se encontraba pendiente de examen correspondía a los años naturales 2004; 2007, y 2012 al 2021. <u>Íd.</u>, pág. 2.

y Notarías (Inspector). Éste presentó un informe de deficiencias en el cual indicó que intentó comunicarse con el notario por teléfono y mediante correo electrónico para coordinar el trámite pendiente. Eventualmente, el licenciado Valenzuela Flores confirmó su disponibilidad para comparecer el 14 de noviembre de 2022. No obstante, el día antes informó que no podría asistir por razones médicas de un familiar.

Así las cosas, reprogramaron el asunto para el 23 de noviembre de 2022. Sin embargo, ese mismo día el licenciado Valenzuela Flores envió un correo electrónico para cancelar la reunión a raíz de una presunta condición de salud de un familiar. Por consiguiente, la ODIN sugirió varias fechas para que el notario proveyera evidencia de la alegada situación de salud, mas ésta nunca fue suministrada. Además, el licenciado Valenzuela Flores indicó que estaría disponible para reunirse el 28 de diciembre de 2022, pero luego informó que no podría reunirse por motivos relacionados con su salud.

Posteriormente, el notario entregó los documentos necesarios para encaminar el proceso de cesación voluntaria a la notaría, así como la obra protocolar formada en los años 2008 al 2010 y 2013 al 2020, a pesar de que no entregó los tomos previamente examinados que debía subsanar. Más adelante, el licenciado Valenzuela Flores entregó los tomos formados en los años naturales 2003, 2005, 2006 y 2011, así como parte de los aranceles adeudados. Consecuentemente,

el Inspector realizó un informe actualizado de señalamientos preliminares sobre la mencionada obra.[3] Asimismo, el Inspector le apercibió al notario que debía entregar varios tomos del Protocolo;[4] le solicitó que entregara un plan de trabajo en o antes del 10 de enero de 2023 para subsanar la obra protocolar examinada, y le notificó que tendría hasta el 31 de enero de 2023 para finiquitar los trámites relacionados con su solicitud de cesación voluntaria al ejercicio de la notaría.

Transcurridos los términos concedidos sin que el licenciado Valenzuela Flores atendiera los requerimientos mencionados, y luego de varios intentos fallidos para contactar al notario, la ODIN destaca ante este Tribunal que aún subsisten los señalamientos detallados por el Inspector, a saber: deficiencia arancelaria en sus tomos del Protocolo estimada en $796; deficiencia arancelaria en su Volumen de Registro de Testimonios estimada en $228; omisión de acreditar la autoridad del compareciente para representar a la entidad jurídica otorgante en cuatro (4) transacciones; falta de antecedentes registrales en varios instrumentos

---

[3] Según expone la ODIN, "dicha obra examinada, la cual consta de tomos del Protocolo formados en los años naturales 2003; 2005 al 2006; 2008 al 2012; 2013 al 2014[,] y 2016 al 2020, así como su Volumen del Libro de Registro de Testimonios[,] se encuentra bajo la custodia del Archivo Notarial del Distrito Notarial de San Juan[,] toda vez que el letrado no ha coordinado al presente su recogido para cumplir con el proceso de subsanación […]". (Negrilla suprimida). *Informe* presentado por la ODIN, pág. 4 esc. 4.

[4] Particularmente, la ODIN menciona que "se apercibió al notario que debía hacer entrega de los tomos del Protocolo formados en los años naturales 2004, 2007, 2021 y 2022". Íd., pág. 4.

públicos; ausencia de circunstancias personales de las partes otorgantes en varios instrumentos públicos, y omisión del número de catastro del bien inmueble objeto del negocio jurídico en varios instrumentos públicos, entre otros señalamientos.

Ante este escenario, la ODIN recomienda que ordenemos la suspensión inmediata e indefinida del ejercicio de la notaría y la incautación de la obra del licenciado Valenzuela Flores, así como de su sello notarial; concedamos un término de diez (10) días para que exponga las razones por las cuales no deba decretarse su suspensión inmediata e indefinida del ejercicio de la abogacía, y concedamos un término de treinta (30) días para que subsane las deficiencias que impiden la aprobación de su obra.

Así pues, procedemos a disponer del proceso disciplinario ante nuestra consideración.

## II

En el ejercicio de nuestra facultad disciplinaria, tenemos la obligación de procurar que los miembros de la profesión legal realicen sus funciones de manera responsable, competente y diligente. *In re* Rodríguez Olmeda, 2022 TSPR 29, 208 DPR Ap. (2022); *In re* Venegas Martínez, 206 DPR 548, 556 (2021); *In re* Rosa Rivera, 205 DPR 715, 720 (2020).

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que todos los miembros de la profesión legal "debe[n] observar para con los tribunales una conducta que

se caracterice por el mayor respeto". Véanse: *In re* Venegas Martínez, *supra*, pág. 557; *In re* Rosa Rivera, *supra*, pág. 721. De acuerdo con ese mandato, hemos reiterado que los integrantes de la profesión legal tienen el deber de cumplir pronta y diligentemente nuestros requerimientos y órdenes, ya que desatenderlas implica un serio desafío a nuestra autoridad. *In re* Meléndez Mulero, 208 DPR 541, 550 (2022); *In re* Venegas Martínez, *supra*; *In re* Rosa Rivera, *supra*.

En armonía con lo anterior, hemos establecido que ese deber se extiende a los requerimientos y exigencias de la ODIN. *In re* Venegas Martínez, *supra*; *In re* Rosa Rivera, *supra*. Esto se debe a que los requerimientos de la ODIN son análogos a las órdenes de este Tribunal. *In re* Guzmán, 205 DPR 1108, 1113 (2020). En ese sentido, asumir una actitud de menosprecio e indiferencia ante los requerimientos de nuestros organismos constituye una violación del Canon 9 del Código de Ética Profesional, *supra*. Véanse: *In re* Plaza Acevedo, 203 DPR 632, 643 (2019); *In re* Colón Collazo, 196 DPR 239, 242 (2016).

Ciertamente, los notarios no pueden asumir una actitud pasiva y esperar a que la ODIN los contacte para corroborar que las deficiencias señaladas fueron corregidas adecuadamente. *In re* Malavé Haddock, 206 DPR 238, 246 (2021); *In re* Rivera Medina, 203 DPR 311, 321 (2019); *In re* Vargas Díaz, 198 DPR 149, 153 (2017). En contraste, cuando se identifican faltas en su obra notarial, los

notarios tienen que coordinar con la ODIN las reuniones necesarias para completar el proceso de subsanación. *In re Guzmán*, *supra*, pág. 1113. De esta forma, cuando los profesionales de la notaría ignoran los señalamientos de faltas y su corrección, éstos menoscaban el ejercicio del deber fiscalizador de la ODIN y transgreden su deber de respeto hacia los requerimientos de esta entidad. Íd., pág. 1114.

**III**

Del cuadro fáctico expuesto surge que el licenciado Valenzuela Flores aún no ha cumplido con los requerimientos de la ODIN, a pesar de las múltiples oportunidades concedidas para: subsanar las deficiencias arancelarias y sustantivas que impiden la aprobación de su obra protocolar; entregar la obra protocolar que permanece bajo su custodia, y completar el proceso de cesación voluntaria al ejercicio del notariado. La desidia y la falta de diligencia desplegada por el notario ante tales requerimientos demuestran una actitud de menosprecio e indiferencia a nuestra autoridad.

En definitiva, la desatención del licenciado Valenzuela Flores a los referidos señalamientos es producto de una actitud pasiva que demuestra su falta de compromiso con el ejercicio de la notaría. Evidentemente, el patrón de incumplimiento manifestado por el notario denota un patente desinterés en llevar a cabo los deberes impuestos por nuestro ordenamiento notarial y constituye una infracción a

lo dispuesto en el Canon 9 del Código de Ética Profesional, *supra*. Esta conducta lesiona la función fiscalizadora de la ODIN y el deber de respeto hacia los requerimientos de dicha entidad. Ante esta realidad, procede decretar su suspensión inmediata e indefinida del ejercicio de la notaría.

**IV**

En vista de los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Valenzuela Flores del ejercicio de la notaría. En consecuencia, se ordena al Alguacil de este Tribunal a incautar la obra notarial que aún se encuentra bajo su custodia y el sello notarial para entregarlos al Director de la ODIN.

También se le impone al licenciado Valenzuela Flores el deber de notificar a todos sus clientes sobre su inhabilidad para prestar los servicios notariales contratados y devolverles tanto los expedientes como los honorarios recibidos por trabajos de índole notarial no realizados. De igual manera, tendrá que informar de su suspensión a cualquier agencia, entidad, foro judicial o administrativo en el que tenga algún asunto de índole notarial pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la notaría, de solicitarlo en el futuro.

Por otro lado, se le ordena al licenciado Valenzuela Flores que, dentro de un término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia, subsane a sus expensas los defectos de su obra protocolar, incluyendo las deficiencias que puedan surgir de los cuatro (4) tomos del Protocolo que no han sido examinados. Se le apercibe que su incumplimiento con este dictamen conllevará que se le refiera al Tribunal de Primera Instancia para que se inicie un procedimiento de desacato en su contra y que de no subsanar la deuda arancelaria será referido al Departamento de Justicia para el trámite correspondiente. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del licenciado Valenzuela Flores queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Por último, se le concede al licenciado Valenzuela Flores un término de diez (10) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia, para mostrar causa por la que no deba decretarse su suspensión inmediata e indefinida del ejercicio de la abogacía por su reiterado incumplimiento y desidia en relación a los asuntos antes señalados.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Lcdo. Yuri J. Valenzuela Flores.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Yuri J. Valenzuela Flores      TS-14,201      Conducta
                                              Profesional

SENTENCIA

En San Juan, Puerto Rico, a 18 de abril de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Yuri J. Valenzuela Flores del ejercicio de la notaría. En consecuencia, se ordena al Alguacil de este Tribunal a incautar la obra notarial que aún se encuentra bajo su custodia y el sello notarial para entregarlos al Director de la Oficina de Inspección de Notarías.

También se le impone al licenciado Valenzuela Flores el deber de notificar a todos sus clientes sobre su inhabilidad para prestar los servicios notariales contratados y devolverles tanto los expedientes como los honorarios recibidos por trabajos de índole notarial no realizados. De igual manera, tendrá que informar de su suspensión a cualquier agencia, entidad, foro judicial o administrativo en el que tenga algún asunto de índole notarial pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la notaría, de solicitarlo en el futuro.

Por otro lado, se le ordena al licenciado Valenzuela Flores que, dentro de un término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia, subsane a sus expensas los defectos de su obra protocolar, incluyendo las deficiencias que puedan surgir de los cuatro (4) tomos del Protocolo que no han sido examinados. Se le apercibe que su incumplimiento con este dictamen conllevará que se le refiera al Tribunal de Primera Instancia para que se inicie un procedimiento de desacato en su contra y que de no subsanar la deuda arancelaria será referido al Departamento de Justicia para el trámite correspondiente. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del licenciado Valenzuela Flores queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Por último, se le concede al licenciado Valenzuela Flores un término de diez (10) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia, para mostrar causa por la que no deba decretarse su suspensión inmediata e indefinida del ejercicio de la abogacía por su reiterado incumplimiento y desidia en relación a los asuntos antes señalados.

Notifíquese personalmente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emite la expresión particular siguiente:

Estoy conforme con la suspensión del Lcdo. Yuri J. Valenzuela Flores de la notaría por sus incumplimientos reiterados con los requerimientos de la Oficina de Inspección de Notarías (ODIN). Sin duda alguna, su conducta amerita una sanción de tal magnitud y presenta una situación que podría conllevar, además, la suspensión de la profesión.

Es por ello que, en vez de consignar en la ponencia que suspende al letrado de la notaría una orden de mostrar causa por la que no debería suspendérsele de la abogacía por el mismo patrón de incumplimientos, hubiera emitido tal orden previo a la *Per Curiam* y, de no comparecer o no satisfacer el criterio de este Tribunal, le hubiera suspendido simultáneamente tanto de la abogacía como de la notaría.

No se trata solamente de promover la economía procesal, sino que nuestra jurisprudencia está repleta de situaciones paralelas en las que una cadena de desatención y descuido a los requerimientos de este Tribunal, la ODIN, la Secretaría o el Procurador General dio paso a una suspensión de la abogacía bajo el Canon 9 de Ética Profesional, 4 LPRA Ap. IX. *Véase*, *In re Malavé Haddock*, 207 DPR 573 (2021); *In re Alers Morales*, 204 DPR 515 (2020); *In re Torres Babilonia*, 203 DPR 247 (2019); *In re Cruz Liciaga*, 198 DPR 828 (2017); *In re Irizarry Irizarry*, 190 DPR 368 (2014); *In re Massanet Rodríguez*, 188 DPR 116 (2013). En todos estos precedentes, las suspensiones indefinidas de la abogacía y la notaría fueron consecuencia específica de las desatenciones con las órdenes de este Tribunal y los requerimientos de la Oficina del Procurador o de la ODIN.

En fin, por entender que la conducta objeto de sanción ameritaba la suspensión simultánea de la abogacía y la notaría, así lo hubiera hecho constar en la *Per Curiam* que hoy emite este Tribunal.

<br>

                                        Javier O. Sepúlveda Rodríguez
                                        Secretario del Tribunal Supremo